**Jose Guadalupe VILLARREAL–DURAN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–71962.

United States Court of Appeals, Ninth Circuit.

---

Submitted April 12, 2016.*

Filed April 18, 2016.

Edward L. Carter, Esquire, Keen Law Offices, German T. Flores, Flores Legal Services, Orem, UT, for Petitioner.

Janette L. Allen, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Petitioner Jose Guadalupe Villarreal–Duran petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an Immigration Judge's decision finding him removable. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. "[A]dmissions by an alien to facts alleged in [a Notice to Appear], and concessions of removability, made in the 8 C.F.R. § 1240.10(c) 'pleading stage' of removal proceedings may be relied on by an [Immigration Judge.]" *Perez–Mejia v. Holder*, 663 F.3d 403, 410 (9th Cir.2011). The IJ therefore properly relied on the admissions and concessions that Villarreal's counsel made when pleading, and the IJ was not required to independently review Villarreal's conviction documents.

2. Even assuming the IJ's conduct denied Villarreal a full and fair hearing, his due process claim fails because he did not establish prejudice. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir.2000) (due process challenge requires both error and substantial prejudice). The record indicates that Villarreal's counsel was prepared to admit the allegations in the Notice to Appear and concede Villarreal's removability even before his hearing began. Moreover, Villarreal does not contest his conviction.

**PETITION DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

